# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MARTEN GROUP, INC. d/b/a SENERGY MEDICAL GROUP and SCOTT TENNANT,<br><br>    Plaintiffs,<br><br>v.<br><br>JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC,<br><br>    Defendants. | § § § § § § § § § § § § § § § § | Case No. 3:24-cv-01852<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION

Defendant-Counterclaimants Dr. Tennant and Tennant Devices and Accessories, LLC ("TDA") (collectively "Dr. Tennant") filed a Motion for Preliminary Injunction ("Motion").

Having considered the Motion and the parties' briefing, the Court finds and concludes as follows:

### Likelihood of Success on the Merits

Dr. Tennant has demonstrated a likelihood of success on the merits of his trademark infringement counterclaim against Plaintiffs Marten Group, Inc. d/b/a Senergy Medical Group and Scott Tennant. Under the Lanham Act a trademark owner may pursue a cause of action for infringement. 15 U.S.C. § 1114. A claimant must

show "(1) it possesses a legally protectable trademark and (2) the alleged infringer's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship." *Savage Tavern, Inc. v. Signature Stag LLC*, 589 F. Supp. 3d 624, 640 (N.D. Tex. 2022) (internal punctuation omitted) (citing *Streamline Prod Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017)).  Dr. Tennant is likely to succeed on both prongs.

### The Tennant Marks Are Legally Protectable

Dr. Tennant registered the mark Tennant BioModulator® with the United States Patent and Trademark Office ("USPTO") in 2005.  Dr. Tennant has renewed that mark regularly and it is currently an active registered trademark with the USPTO.  Dr. Tennant assigned the mark to TDA, which Dr. Tennant controls, and TDA is the current owner.

Dr. Tennant registered the trademark Tennant BioTransducer® in 2013.  Dr. Tennant also renewed that trademark regularly and it is currently an active registered trademark with the USPTO.  Dr. Tennant also assigned this mark to TDA, which is the current owner.

Dr. Tennant through Tennant Family, Ltd. (TFL), which Dr. Tennant controls, registered the marks Healing is Voltage in 2013 and 2015. TFL renewed these trademarks regularly and they are current active registered trademarks with the USPTO. TFL assigned those marks to TDA, which is the current owner.

The registered marks at issue here (collectively the Tennant Marks) are

summarized below.

| Trademark/ Wordmark | Reg. Date | Services | Reg. No. |
|---|---|---|---|
| TENNANT BIOMODULATOR® and design: | Oct. 17, 2006 | (Int'l Class: 010; U.S. Classes: 026, 039, 044)<br><br>Medical apparatus and instruments for use in electromagnetic resonance therapy, namely, cybernetic biofeedback devices, interactive neuromuscular simulators, and diagnostic testing equipment | 3157112 |
| TENNANT BIOTRANSDUCER® | Aug. 13, 2013 | (Int'l Class: 010; U.S. Classes: 026, 039, 044)<br><br>Medical apparatus and instruments for use in electromagnetic resonance therapy, namely, cybernetic biofeedback devices, interactive neuromuscular simulators, and diagnostic testing equipment | 4382782 |
| HEALING IS VOLTAGE | May 14, 2013 | (Int'l Class: 16; US Classes: 2, 5, 22, 23, 29, 37, 38, 50)<br><br>A series of books, written articles, handouts and worksheets in the field of energy medicine and healthcare | 4334430 |
| HEALING IS VOLTAGE | December 29, 2015 | (Int'l Class: 41; US Classes: 100, 101, 107)<br><br>Providing lectures and seminars in the field of energy medicine and healthcare | 4878439 |

Registration of the Tennant Marks are *prima facie* evidence of Dr. Tennant's ownership of the trademarks, their validity, and his exclusive right to use the trademarks. 15 U.S.C. § 1115(a).

Even if this presumption is insufficient, the Tennant Marks have acquired secondary meaning and are protectable. *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 537 (5th Cir. 2015). The trademarks have been

registered for over ten years, have generated licensing revenues for the past twenty years, are publicly recognized in connection with Dr. Tennant's products, educational efforts, patient treatment, and the Tennant Institute. The evidence demonstrates that advertising and marketing has effectively and directly tied the Tennant Marks to Dr. Tennant.

The evidence also demonstrates that Dr. Tennant is the senior user of the Tennant Marks. Scott's license agreements and Senergy's website recognize that Dr. Tennant invented certain proprietary technology used in the Tennant BioModulator® and Tennant BioTransducer® products. Dr. Tennant named these products after himself and then placed the marks into commerce vis-à-vis his promotion of them, including through his medical practice and the licensing agreements with Scott and Senergy. Such licensing does not make Scott the senior user. *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 598 (5th Cir. 1998).

### Likelihood of Confusion

Dr. Tennant can also demonstrate likelihood of confusion. Scott Tennant through Senergy is continuing to market and sell devices bearing the Tennant BioModulator® and Tennant BioTransducer® marks. He states so in the Complaint. These are the identical devices that Dr. Tennant has placed his mark on previously and permitted Scott to market under the terms of the prior royalty agreements. In such scenarios, consumer confusion is presumed. *TGI Friday's Inc. v. Great Nw. Restaurants, Inc.*, 652 F. Supp.

2d 763, 767 (N.D. Tex. 2009). Similarly, Senergy through its website, education materials, and promotions for seminars, continues to use Dr. Tennant's Healing is Voltage trademarks. Consumers will have no way of differentiating the devices and education materials supported and quality controlled by Dr. Tennant and those that are not.

Dr. Tennant also satisfies the digits of confusion analysis. *Viacom Int'l v. IJR Capital Invests., L.L.C.*, 891 F.3d 178, 190 (5th Cir. 2018). The marks and products at issue are identical, and Scott and Senergy intend to capitalize on Dr. Tennant's reputation as reflected on Senergy's promotional materials.

### Defenses to Infringement

There is no evidence that Scott Tennant ever challenged the trademark registration of either the Tennant BioModulator® or the Tennant BioTransducer® in the ten plus years since the trademarks were registered until now. Nonetheless, Scott now asserts that he has common law ownership of the trademark and that Dr. Tennant's trademarks should be canceled and have been abandoned. Neither argument has merit at this stage.

First, the evidence provided demonstrates that Scott Tennant and Dr. Tennant entered into a royalty agreement whereby Dr. Tennant allowed Scott Tennant to use his "property" (*i.e.*, his trademarks) in exchange for a royalty payment. The two parties used this arrangement for nearly two decades, and the evidence demonstrates that royalty payments were made until June 2024. As a licensee, Scott Tennant did not become the

common law owner of Dr. Tennant's trademarks.

Second, there are no facts supporting abandonment. The evidence demonstrates that Dr. Tennant received royalty payments until recently and has monitored the quality of the devices and materials bearing his marks. Dr. Tennant has also provided evidence that he intends to continue using his marks in commerce.

To the extent that Scott Tennant and Senergy assert that the licensing agreements still provide them a license to use the Tennant marks, the evidence is to the contrary. The parties agreed in 2016 that the agreements could be canceled at any time with 30 days' notice. Even if that provision did not apply (as the parties each signed different versions of the 2016 agreements), the earlier license agreements allow for cancelation on licensee's default. The evidence has demonstrated that Scott Tennant and Senergy failed to provide monthly statements of sales and underpaid Dr. Tennant royalties—a calculation based on the number of devices sold—by underreporting the number of devices sold.

**Irreparable Harm**

Dr. Tennant has also demonstrated that he has suffered and will suffer irreparable harm if a preliminary injunction is not granted. Scott Tennant and Senergy continue to market and sell Tennant BioModulators® and Tennant BioTransducers® despite Dr. Tennant canceling the licensing and royalty agreement on June 21, 2024. Scott Tennant and Senergy similarly continue to use and distribute materials with the Healing is

Voltage trademark without permission. Although Scott Tennant and Senergy continue to use the marks without Dr. Tennant's authorization, they ceased paying any royalty payments to Dr. Tennant in June 2024. These unauthorized uses disrupt Dr. Tennant's control over his mark, and irreparable harm is presumed under the Lanham Act. 15 U.S.C. § 1116(a). Even without the presumption, Scott Tennant and Senergy's continued use of the marks, as if their own, after termination of the licensing and royalty agreements demonstrates irreparable harm. *See TGI Friday's, Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp. 2d 763, 771 (N.D. Tex. 2009).

**Balance of Equities**

Additionally, the balance of the equities favors Dr. Tennant. Because Dr. Tennant has demonstrated that the licensing and royalty agreements were canceled, the harm to Dr. Tennant—potential loss of reputation of the brand and goodwill associated with the products—outweighs the harm to Scott Tennant and Senergy. At this stage, Dr. Tennant has demonstrated TDA owns and has exclusive authority to use the challenged marks, and thus the harm to Scott and Senergy from the injunction is compliance with state and federal law since the licensing agreements have been terminated.

**Public Equities**

The public interest is served by requiring compliance with the Lanham Act and enjoining the use of infringing marks. The public is also served by prohibiting deceptive representations regarding the marks.

Based on the foregoing findings, the Court hereby orders that:

Defendant-Counterclaimant Dr. Tennant's Motion is GRANTED;

Scott Tennant and Senergy shall cease using the registered trademarks Tennant BioModulator®, Tennant BioTransducer®, and Healing is Voltage® immediately, including without limitation, Scott and Senergy shall not display the trademarks on their website properties or other marketing channels and on any products they offer for sale, nor advertise, market, or sell any products bearing the marks;

Scott and Senergy shall submit a report within 30 days of the injunction demonstrating all actions they have taken to comply with this Order, including with respect to withdrawing any advertising relying on the trademarks from the Senergy website and other promotional materials;

Dr. Tennant shall secure a $_____ bond within _____ business days of the entry of this order.

IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED.

SIGNED this _____ day of _____, 2024

                                                              ADA BROWN
                                                              UNITED STATES DISTRICT JUDGE