United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| Marten Group, Inc. d/b/a Senergy Medical Group and Scott Tennant,<br><br>*Plaintiffs*<br><br>v.<br><br>Jerald Tennant, MD, John Tennant, Teresa Jessen Tennant, Jared Tennant, Tennant Device and Accessories, LLC, and Curador, LLC,<br><br>*Defendants* | Case No. 3:24-cv-01852 |

### Plaintiffs' Opposed Motion for Extension of Time to Respond to Defendants' Motion for Preliminary Injunction

Plaintiffs Marten Group, Inc. d/b/a Senergy Medical Group ("Senergy") and Scott Tennant (collectively, the "Senergy Parties") file this Motion requesting that the Court extend their deadline to respond to Defendants Jerald Tennant, MD, John Tennant, Teresa Jessen Tennant, Jared Tennant, Tennant Device and Accessories, LLC ("TDA"), and Curador, LLC's (collectively, the "Dr. Tennant Parties") Motion for Preliminary Injunction ("PI Motion") [Dkt. #24] by 30 days, **from September 18 to October 18**. The Dr. Tennant Parties are opposed.

## STATEMENT OF THE CASE

On July 18, 2024, Defendants Dr. Tennant and TDA sued the Senergy Parties in Dallas County (the "State Court Lawsuit") for breach of an alleged license agreement and other claims related to Senergy's sale of electric-stimulation medical devices under the TENNANT BIOMODULATOR and TENNANT BIOTRANSDUCER marks (the "Marks").

On July 21, the Senergy Parties filed this suit seeking declaratory relief related to rights in these devices and Marks, cancellation of TDA's trademark registrations for the Marks, tortious interference with Senergy's contracts with its manufacturer, and related claims. *See* Dkt. #1. The Court granted the Dr. Tennant Parties' unopposed motion for a 30-day extension of time to respond to the Complaint. Dkt. #13.

On August 27, Dr. Tennant and TDA non-suited the State Court Lawsuit, and the Dr. Tennant Parties answered and filed counterclaims in this Court. The Dr. Tennant Parties assert 13 claims—essentially the non-suited state claims plus trademark-related claims. Dkt. #22. The next day, the Dr. Tennant Parties filed their PI Motion seeking to enjoin the Senergy Parties' use of the Marks and the HEALING IS VOLTAGE mark. Dkt. #24. The 32-page motion is supported by an appendix with 44 exhibits totaling over 300 pages. *See id.*; Dkt. #25.

In view of the PI Motion, the Senergy Parties intend to file a motion for limited expedited discovery in the next few days. The Dr. Tennant Parties are opposed. This Motion requests that the Court grant the Senergy Parties a 30-day extension of time to respond to the PI Motion [Dkt. #24]. The Dr. Tennant Parties are opposed to any extension of time, 30 days or otherwise.

# STATEMENT OF THE ISSUE

Rule 6(b)(1)(A) provides courts the discretion to grant extensions of time for good cause shown. *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 3:14-cv-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (citing *Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2008)).

Does good cause exist to grant a 30-day extension?

# ARGUMENT

Good cause exists to grant the requested extension. The Senergy Parties' lead counsel, Casey Griffith, recently suffered a detached retina, requiring emergency surgery on August 1. Mr. Griffith missed several weeks of work recovering, causing a backlog of his docket. He also must wear an eye patch on his recovering eye until at least September 20, limiting his ability to work and causing further backlog. Moreover, Mr. Griffith has oral argument on September 11 before the Fifth Court of Appeals, for which he has taken significant time to prepare.

Mr. Griffith's partner, Kirk Voss, who also has responsibility for preparing the response brief, has been occupied with caring for his ailing mother-in-law, who lives in San Antonio, along with his two young children.

The Senergy Parties also intend to move for expedited discovery in the next few days. If granted, a 30-day extension of the deadline to respond to the PI Motion

is needed to allow time for discovery to be completed and incorporated into the response.

This motion is the Senergy Parties' first request for an extension of time. They do not request this extension in bad faith, but so that they may adequately prepare a response to the PI Motion, which is 32 pages and is supported by 44 exhibits totaling over 300 pages. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) ("[Rule 6(b)(1)], like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.") (internal quotations omitted).

Any prejudice to the Dr. Tennant Parties is minimal and should be viewed in context. The Dr. Tennant Parties filed their PI Motion on August 28. Dkt. #24. But nearly 10 weeks before then, on June 21, Dr. Tennant sent the Senergy Parties a letter purporting to terminate the alleged license agreement and demanding the Senergy Parties immediately cease use of his purported intellectual property. Dkt. #25, APP 00142-45. Dr. Tennant and TDA waited until July 18—another 4 weeks—to sue the Senergy Parties in state court. They did not seek preliminary injunctive relief. Then, on August 28, the Dr. Tennant Parties filed their PI Motion—6 weeks after filing the State Court Lawsuit. The Dr. Tennant Parties' delay in bringing the PI Motion belies any claim of prejudice due to the requested extension.

## CONCLUSION

Plaintiffs Marten Group, Inc. d/b/a Senergy Medical Group and Scott Tennant respectfully ask that the Court grant this Motion and extend their deadline to

respond to Defendants' Motion for Preliminary Injunction [Dkt. #24] by 30 days, from September 18 to October 18.

September 9, 2024

Respectfully submitted,

**Griffith Barbee PLLC**

/s/ *Michael Barbee*

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com

Kirk Voss
Texas Bar No. 24075229
Kirk.Voss@griffithbarbee.com

Joshua Yun
Texas Bar No. 24120335
Joshua.Yun@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Plaintiffs**

## CERTIFICATE OF WORD COUNT

The undersigned certifies this document contains 1,176 words, excluding the case caption, signature block, and certificates. This certificate was prepared in reliance on the word-count function of the word- processing system (Microsoft Word) used to prepare the document.

**Dated**: September 9, 2024

/s/ *Michael Barbee*
Michael Barbee

## CERTIFICATE OF SERVICE

The undersigned certifies this document was filed electronically in compliance with Local Rule 5.1. As such, it was served on all counsel of record on September 9, 2024.

/s/ *Michael Barbee*
Michael Barbee

## CERTIFICATE OF CONFERENCE

Per Local Rule 7.1, the undersigned certifies counsel for Plaintiffs conferred with counsel for Defendants on September 3 and 4, 2024, regarding Plaintiffs' request to extend their time to respond to Defendants' Motion for Preliminary Injunction. Defendants' counsel indicated they would not agree to any extension of time to respond to the PI Motion, and thus this Motion is opposed.

/s/ *Michael Barbee*
Michael Barbee