United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| MARTEN GROUP, INC. D/B/A SENERGY MEDICAL GROUP AND SCOTT TENNANT,<br><br>*Plaintiffs*<br><br>v.<br><br>DR. JERALD TENNANT, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, AND CURADOR, LLC,<br><br>*Defendants* | Case No. 3:24-cv-01852-E |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)**

1.  **State when and how the meeting of the parties required by Rule 26(f) was held and identify the counsel or self-represented litigant who attended for each party.**

    Counsel for both parties conducted their meet-and-confer on September 17, 2024, via Zoom teleconference. Casey Griffith and Joshua Yun attended on behalf of Plaintiffs/Counter-Defendants, and Chelsey Mam and Justin Hanna attended on behalf of Defendants/Counter-Plaintiffs.

2.  **List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.**

    None.

3.  <u>**Briefly**</u> **describe what this case is about—including a statement of the claims and defenses.**

    A.  **Plaintiffs/Counter-Defendants' Statement**

    With the encouragement and approval of Defendant Jerald Tennant, MD ("Dr. Tennant"), his son Plaintiff Scott Tennant and Scott's company Plaintiff Marten Group, Inc., d/b/a Senergy Medical Group ("Senergy") spent decades of work and millions of dollars building a wellness company focused on providing acute and chronic pain relief and preventive health care. After nearly two decades of observing Scott and Senergy's achievements, Dr.

Tennant and others in their family developed an obsession over how to get a piece of Senergy's pie. Once their efforts to fairly succeed in the marketplace failed, they conspired—as detailed in Plaintiffs' Complaint—to eliminate Senergy by threatening and unlawfully interfering with Senergy and its key manufacturer, customers, and strategic partners.

**Two key issues in this case.** Two of the key issues in this case are (1) who owns and has the right to use two trademarks—TENNANT BIOMODULATOR and TENNANT BIOTRANSDUCER—that have been affixed to devices Senergy marketed and sold; and (2) whether Dr. Tennant was or is owed royalties from Senergy in connection with sales of some of those devices. Plaintiffs contend Senergy owns and has the right to use these marks as the first to use the marks in commerce, and that Dr. Tennant was overpaid royalties to which he was never entitled.

**The marketplace.** The decades-old market for TENNANT BIOMODULATOR- and TENNANT BIOTRANSDUCER-branded devices developed through the following arrangements: Avazzia, Inc. (a non-party) manufactured the devices and affixed the marks to them per its distribution agreement with Senergy. Senergy subsequently marketed and distributed the Avazzia-manufactured devices to consumers. Dr. Tennant then helped Senergy's customers use the devices for pain relief and preventive health care. Under this structure, all parties were content for many years. Avazzia profited from Senergy's purchase of devices under their distribution agreement, Senergy profited from its sale of devices to the public, and Dr. Tennant profited both from Senergy's customer base and significant portions of Senergy's revenue.

**Defendants' efforts to take advantage of Plaintiffs' hard work.** After more than a decade, other members of Scott's family who had observed his and Senergy's success made their own attempts to enter the market. When those attempts stagnated, those family members—with Dr. Tennant's knowledge, approval, and encouragement—demanded Senergy's customer lists in an effort to capitalize on Plaintiffs' years of hard work. Plaintiffs rightfully and repeatedly refused these demands. And in June 2024, Defendants escalated their prior demands by sending an extortionate letter to Scott, claiming Senergy owed Dr. Tennant "around $5M dollars." Defendants then offered to waive the millions allegedly owed if Scott and Senergy agreed—within 48 hours—to (a) turn over Senergy's customer lists and marketing materials, (b) falsely represent Scott's intent to sell Senergy to Dr. Tennant to pursue other interests, and (c) not pursue legal action against Defendants, among other things. Plaintiffs again refused. Defendants then contacted Avazzia and Senergy's customers and strategic contacts in an attempt to sever their ties to Plaintiffs and block further sales of the devices.

**Plaintiffs' claims.** Plaintiffs contend that they own and have the right to use the trademarks and sell the devices, that Defendants' trademark registrations should be canceled, and that they are entitled to declaratory judgment relief establishing these rights. Plaintiffs also assert (1) Dr. Tennant breached fiduciary duties to Plaintiffs, (2) the other Defendants are liable for inducing Dr. Tennant to breach those duties, (3) Defendants tortiously interfered with Senergy's relationships and contracts with Avazzia and others, (4) Dr. Tennant has money that in equity and good conscience belongs to Plaintiffs, (5) Defendants have been

unjustly enriched, and (6) Defendants conspired to eliminate Plaintiffs from the marketplace by unlawful means.

### B. Defendants/Counter-Plaintiffs' Statement

This case arises from Dr. Tennant's introduction to the U.S. market micro-current therapy medical devices enhanced by his own research and marked with his branding. Dr. Tennant began working with a U.S. based manufacturer in 2003 to develop these devices. Beginning in 2005, Dr. Tennant registered his valuable trademarks associated with these devices with the U.S. Patent and Trademark office. Those marks include Tennant BioModulator®, Tennant BioTransducer®, and Healing is Voltage®. Dr. Tennant later assigned these marks to the current owner, Tennant Devices and Accessories, LLC, which Dr. Tennant controls.

While developing the devices, Dr. Tennant offered his stepson Scott Tennant a career opportunity selling the trademarked medical devices through Dr. Tennant and his wife, Marilyn Tennant's company—Marten Group, Inc. (Dr. Tennant and his wife later assigned ownership of Senergy to Scott Tennant for his use in selling the licensed products.) On June 15, 2003, Dr. Tennant and Scott Tennant entered a licensing agreement to address this arrangement. That agreement granted Scott Tennant permission to market and sell the Tennant BioModulator devices in exchange for a monthly royalty payment based on sales. Scott Tennant agreed to keep an accurate record of revenues generated from the sale of devices and provide monthly statements of the same to Dr. Tennant.

On October 12, 2012, Dr. Tennant and Scott Tennant entered a second licensing agreement, which granted Scott Tennant the right and license to use the Tennant BioModulator® mark in connection with the sale of devices. In exchange, Scott agreed to pay a higher royalty fee for each unit sold. In March 2016, Scott Tennant agreed, consistent with the commercial reality, that the licensing agreements applied to Senergy.

For nearly two decades, the licensing arrangement ran smoothly. Senergy sold thousands of the trademarked devices, and paid royalties on those sales to Dr. Tennant. More recently, Senergy stopped regularly providing full accounting reports detailing the revenues from sales and resulting royalty payments. When Dr. Tennant asked for supporting information, he discovered the Senergy had significantly underreported the number of sales of the marked devices since at least 2021. As a result, Dr. Tennant calculates that he has been underpaid millions of dollars in royalties.

On June 21, 2024, Dr. Tennant unequivocally canceled the licensing agreements between the parties and demanded that Senergy and Scott Tennant stop use of the marks. Despite the expiration of the 30-day notice period, Senergy continues to use Dr. Tennant's marks without permission.

This lawsuit ensued. Defendants/Counter-Plaintiffs filed counterclaims against Scott Tennant and Senergy based on the above wrongful acts. The categories of counterclaims include: (1) federal and state trademark infringement, unfair competition, and trademark

dilution claims, (2) misappropriation of name or likeness, (3) breach of contract, (4) equitable claims of promissory estoppel, quantum meruit, money had and received, accounting, constructive trust and disgorgement, (5) fraud and fraudulent concealment, and (6) permanent injunction.

4. **Identify a proposed time limit to file motions for leave to join other parties.**

    The parties do not agree on when this case will be set for trial. Plaintiffs/Counter-Defendants propose a February 10, 2026 trial date. Defendants/Counter-Plaintiffs propose an earlier October 27, 2025 trial date based on their view of the scope of issues and number of likely witnesses. The parties' differing proposed case schedules below are in accord with their respective views.

    Plaintiffs/Counter-Defendants propose a deadline of January 23, 2025.

    Defendants/Counter-Plaintiffs propose a deadline of December 4, 2024.

5. **Identify a proposed time limit to amend the pleadings.**

    Plaintiffs/Counter-Defendants propose a deadline of March 18, 2025.

    Defendants/Counter-Plaintiffs propose a deadline of January 28, 2025.

6. **Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);**

    Plaintiffs/Counter-Defendants propose a deadline of August 28, 2025.

    Defendants/Counter-Plaintiffs propose a deadline of June 27, 2025.

7. **Specify the allegation of federal jurisdiction.**

    The parties agree the Court has federal question subject matter jurisdiction under at least 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 15 U.S.C. § 1119 and 28 U.S.C. § 1367(a).

8. **Identify the parties who disagree and the reasons.**

    The parties agree the Court has subject matter jurisdiction over their claims.

9. **Identify any issues as to service of process, personal jurisdiction, or venue.**

    As of this date, no parties have disagreed as to the allegations of service of process, personal jurisdiction, or venue.

10. **List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

    The parties do not anticipate that any additional parties should be included in this lawsuit.

11. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

    On August 28, 2024, the Court entered its Status Report Order [Dkt. #23], requiring the parties to serve initial disclosures by September 27, 2024.

    The parties intend to comply with this deadline as ordered by the Court.

12. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    The parties agree to submit any fees issue to the Court for resolution on affidavits or declarations after the other issues are resolved.

13. **Describe the proposed discovery plan, including:**

    A. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

    At this time, the parties anticipate discovery may be needed on the following subjects:

    - The contractual, business, and other relationships between and among the parties;

    - Ownership and use of TENNANT-related marks and Defendant Jerald Tennant's name and/or likeness;

    - The parties' rights to use TENNANT-related marks;

    - The validity and enforceability of agreements between and/or among the parties;

    - Defendant Jerald Tennant's entitlement to royalties, if any, and amounts paid to Defendant Jerald Tennant;

    - The parties' claims for damages and profits;

- Defendants' entitlement to injunctive relief or other equitable relief; and

- Other information relevant to the parties' claims and defenses asserted in this lawsuit.

Plaintiffs/Counter-Defendants propose that all fact and expert discovery will be completed by August 12, 2025. Defendants/Counter-Plaintiffs propose all fact and expert discovery be completed by Jun 13, 2025. The parties agree phased discovery, or discovery limited to or focused upon particular issues, is not necessary at this time.

B. **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

At this time, the parties do not anticipate any disputes regarding Electronically Stored Information ("ESI"). The parties have agreed to work with each other in good faith to address ESI discovery issues as they arise.

C. **When and to whom the Plaintiffs/Counter-Defendants anticipate they may send interrogatories and requests for production.**

Plaintiffs/Counter-Defendants anticipate sending interrogatories and requests for production to each of the Defendants/Counter-Plaintiffs. Plaintiffs/Counter-Defendants anticipate serving initial interrogatories and document requests within the next 60 days.

D. **When and to whom the Defendants/Counter-Plaintiffs anticipate they may send interrogatories and requests for production.**

Defendants/Counter-Plaintiffs anticipate propounding interrogatories and requests for production to both Scott Tennant and Marten Group, Inc. d/b/a Senergy Medical Group (Senergy).

E. **Of whom and by when the Plaintiffs/Counter-Defendants anticipate taking oral depositions, and whether they can be done by remote means, such as by Zoom.**

Plaintiffs/Counter-Defendants have noticed the deposition of Defendant Jerald Tennant, MD to take place on October 9, 2024, in person. After receipt of Defendants/Counter-Plaintiffs' responses to Plaintiffs/Counter-Defendants' written discovery, Plaintiffs/Counter-Defendants anticipate taking the depositions of corporate representatives of Defendants Tennant Devices and Accessories, LLC, and Curador, LLC, and individual Defendants John Tennant, Teresa Jessen Tennant, and Jared Tennant. Plaintiffs/Counter-Defendants also anticipate taking the deposition of corporate representatives of third-party Avazzia,

Inc. after completion of the foregoing party depositions.

F. **Of whom and by when the Defendants/Counter-Plaintiffs anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

Defendants/Counter-Plaintiffs anticipate taking oral depositions of fact and expert witnesses. Defendants/Counter-Plaintiffs plan to propose that most of these depositions occur by Zoom for the convenience of the parties and witnesses and to reduce costs.

Defendants/Counter-Plaintiffs expect the fact witnesses will include Scott Tennant, an FRCP 30(b)(6) representative of Senergy, potentially certain employees or former employees of Senergy, current or former independent contractors of Senergy, and an FRCP 30(b)(6) representative of Avazzia.

Defendants/Counter-Plaintiffs anticipate taking an oral deposition of each of Plaintiffs'/Counter-Defendants' identified experts.

Defendants/Counter-Plaintiffs reserve the right to identify additional deponents as discovery progresses.

G. **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

The parties have not identified any threshold issues that should be scheduled for early resolution.

H. **Any experts needed on issues other than attorneys' fees.**

At this time, Plaintiffs/Counter-Defendants anticipate designating one or more expert(s) in the following subject areas: (1) Defendant Jerald Tennant's entitlement to royalties, if any; (2) the amounts paid to Dr. Jerald Tennant, including overpayments; (3) Plaintiffs/Counter-Defendants' actual damages and Defendants/Counter-Plaintiffs' profits related to Defendants' tortious interference, breaches of fiduciary duties, and inducements of breaches of fiduciary duties; and any other experts needed to rebut Defendants' designated experts.

At this time, Defendants/Counter-Plaintiffs anticipate designating one or more expert(s) to address the following subjects: (1) the amounts of royalties owed to Dr. Jerald Tennant, including calculating underpayments and actual damages from Plaintiff/Counter-Defendants wrongful acts; (2) Senergy's accounting practices as it relates to the claims asserted by Defendants/Counter-Plaintiffs; and (3) the impact of Plaintiff/Counter-Defendants' use of the Tennant-marks, including with respect

to customer confusion and dilution.

**I.** **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

The parties do not anticipate the need for medical experts in this case.

**J.** **When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

Plaintiffs/Counter-Defendants propose the following:

- On issues for which a party bears the burden of proof, the deadline to designate experts and provide reports is May 20, 2025; and

- the deadline for the parties to designate rebuttal experts and provide reports is June 24, 2025.

Defendants/Counter-Plaintiffs propose the following:

- On issues for which a party bears the burden of proof, the deadline to designate experts and provide reports is March 28, 2025; and

- the deadline for the parties to designate rebuttal experts and provide reports is April 29, 2025.

**K.** **List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by Zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).**

At this time, Plaintiffs anticipate taking oral depositions of any expert(s) designated by Defendants within three weeks following disclosure of expert reports.

At this time, Plaintiffs anticipate taking the oral depositions of experts in person.

**L.** **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. *See* Fed. R. Civ. P. 26(a)(2)(B) (expert report).**

At this time Defendants/Counter-Plaintiffs anticipate taking oral depositions of any expert(s) designated by Plaintiffs/Counter-Defendants before the close of discovery. Defendants/Counter-Plaintiffs anticipate that these depositions will

be in person.

M. **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Tennant Devices and Accessories, LLC's member is:

- Tennant Family, Ltd., a Texas partnership

Curador LLC's members are:

- John Tennant, a citizen of Texas
- Teresa Jensen Tennant, a citizen of Texas

Defendants/Counter-Plaintiffs anticipate filing an affidavit or declaration on this subject at the same time that they make initial disclosures on or before September 27, 2024.

N. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

At this time, the parties do not anticipate the need for any changes to be made to the limitations on discovery or that any other limitations should be imposed.

O. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

At this time, the parties do not anticipate any issues regarding ESI. The parties have agreed to otherwise work with each other in good faith to address ESI discovery issues as they arise.

P. **The depositions that need to be taken, and in what sequence;**

Plaintiffs/Counter-Defendants have noticed the deposition of Defendant/Counter-Plaintiff Jerald Tennant, MD to take place on October 9, 2024, in person. After receipt of Defendants/Counter-Plaintiffs' responses to Plaintiffs/Counter-Defendants' written discovery, Plaintiffs/Counter-Defendants anticipate taking the depositions of corporate representatives of Defendants/Counter-Plaintiffs Tennant Devices and Accessories, LLC, and Curador, LLC, and individual Defendants John Tennant, Teresa Jessen Tennant, and Jared Tennant. Plaintiffs/Counter-Defendants have not yet determined the sequence of those party depositions, except that they anticipate taking the individual party depositions prior to the corporate representative depositions. Plaintiffs/Counter-Defendants also anticipate taking the

deposition of corporate representatives of third-party Avazzia, Inc. after completion of the foregoing party depositions.

Defendants/Counter-Plaintiffs anticipate scheduling the fact witness depositions referenced in section 13.F first. Defendants/Counter-Plaintiffs will coordinate the sequence of these depositions according to the schedules of the witnesses and counsel. After completing fact witness depositions, Defendants/Counter-Plaintiffs anticipate completing expert witness depositions in the weeks following the expert disclosures and prior to the close of discovery.

**Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;**

The parties anticipate filing a jointly proposed protective order, which they are still negotiating. The parties expect the proposed order will include (1) a "claw back" provision under Fed. R. Evid. 502 to prevent waiver of privilege in the event of inadvertent disclosure of privileged documents; (2) protection of confidential information, such as personal health information, pursuant to Fed. R. Civ. P. 26 and other applicable rules and statutes; and (3) provisions that excuse the Parties from listing on their privilege log any documents or communications involving counsel if the document or communication was created on or after June 21, 2024.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are agreed on a discovery plan.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date. The parties will provide the initial disclosures according to the Court's order [Dkt. #23]. Plaintiffs/Counter-Defendants have noticed the deposition of Jerald Tennant, MD to take place next month.

**16. State the date the planned discovery can reasonably be completed.**

The parties anticipate completing fact and expert discovery on or before August 12, 2025.

**17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

At this time, the parties do not anticipate that an early resolution, but agree to leave open the possibility of engaging in an early mediation or informal settlement discussions at a parties' request.

18. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

    The parties agree to attend mediation and are conferring on reasonably suitable mediators. The parties intend to notify the Court within 14 days whether they are able to agree on a mediator. The parties do not believe mediation would be effective until after briefing on Defendants/Counter-Plaintiffs' pending Motion for Preliminary Injunction [Dkt. #24] is completed.

19. **State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;**

    The parties respectfully do not consent to trial before a U.S. Magistrate Judge.

20. **State whether a jury demand has been made and if it was made on time.**

    The parties stipulate that Plaintiffs/Counter-Defendants timely asserted their Jury Demand in their complaint.

21. **State a proposed trial date, estimated number of days required for trial and whether jury has been demanded—specify the number of hours it will likely take to present the evidence.**

    Plaintiffs'/Counter-Defendants propose a trial date of February 10, 2026, subject to the Court's docket and availability. Defendants/Counter-Plaintiffs propose a trial date of October 27, 2025, subject to the Court's availability.

    The parties estimate 7 days for trial with approximately 21 hours per side (assuming 7 days with 6 hours of trial time). Plaintiffs have demanded a jury trial.

22. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    On August 28, 2024, the Court entered its Status Report Order [Dkt. #23], requiring the parties to serve initial disclosures by September 27, 2024.

    The parties intend to comply with this deadline as ordered by the Court.

23. **List pending motions that may be ruled on at the initial pretrial and scheduling**

**conference.**

There are no pending motions that the parties anticipate may be ruled on at the initial pretrial and scheduling conference.

24. **List other pending motions.**

On August 28, 2024, Defendants/Counter-Plaintiffs filed a motion for preliminary injunction [Dkt. 24]. Briefing on that motion is set to be complete on November 1, 2024. Defendants/Counter-Plaintiffs respectfully request oral argument on that motion at the Court's earliest convenience.

25. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

**Plaintiffs/Counter-Defendants' Counsel**

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com
(214) 446-6022

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com
(214) 446-6023

Kirk Voss
Texas Bar No. 24075229
Kirk.Voss@griffithbarbee.com
(214) 446-6037

Joshua Yun
Texas Bar No. 24120335
Joshua.Yun@griffithbarbee.com
(214) 446-6073


GRIFFITH BARBEE PLLC
One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201

**Defendants/Counter-Plaintiffs' Counsel**

Tyler L. Farmer (admitted *Pro Hac Vice*)
Washington Bar No. 39912
Tyler.Farmer@bclplaw.com
**206-294-7411**

Ariel A. Martinez (admitted *Pro Hac Vice*)
Washington Bar No. 54869
Ariel.Martinez@bclplaw.com
**206-294-7423**

Chelsey L. Mam (admitted *Pro Hac Vice*)
Washington Bar No. 44609
Chelsey.Mam@bclplaw.com
**206-294-7425**

BRYAN CAVE LEIGHTON PAISNER LLP
999 3rd Ave., Suite 4400
Seattle, WA 98104

Justin D. Hanna
Texas Bar No. 24095726
Justin.Hanna@bclplaw.com
**214-721-8052**

BRYAN CAVE LEIGHTON PAISNER LLP
2200 Ross Avenue, Suite 4200W
Dallas, TX 75201-7965

**26.** **List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

Unless otherwise stated herein, none at this time.

**27.** **List whether a conference with the Court is desired;**

The parties agree that no conference with the Court is needed at this time.

**28.** **List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c) or 26(c); and**

Unless otherwise stated herein, none at this time.

**29.** **A statement that counsel have read (i) the *Dondi* opinion—*Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and (ii) the District's Civil Justice Expense and Delay Reduction Plan.**

Counsel certifies they have read the *Dondi* opinion and the District's Civil Justice Expense and Delay Reduction Plan.

**FOR CONVENIENCE, THE COURT PROVIDES THE FOLLOWING CRITICAL DEADLINES CHART FOR THE PARTIES TO REVISE, MAKE ADDITIONS, AND COMPLETE, AS AGREED:**

**Plaintiffs/Counter-Defendants propose:**

| | |
|---|---|
| Deadline for Joint Report naming Mediator | January 14, 2025 |
| Deadline for Motions for Leave to Join Parties | January 23, 2025 |
| Deadline for Motions for Leave to Amend Pleadings | March 18, 2025 |
| Deadline for Completion of Mediation | April 17, 2025 |
| Opening Expert Designation & Report | May 20, 2025 |
| Rebuttal Expert Designation & Report | June 24, 2025 |
| Deadline for Completion of Discovery | August 12, 2025 |
| Deadline for Expert Objections | August 19, 2025 |
| Deadline for Dispositive Motions | August 28, 2025 |
| Deadline for Pretrial Disclosures and Objections | November 4, 2025 |
| Deadline for Pretrial Materials (pretrial order etc.) | December 9, 2025 |
| Settlement Conference | January 27, 2026 |
| Exchange of Exhibits | February 4, 2026 |
| Pretrial Conference | February 6, 2026 (10:00 a.m.) |
| Trial Date | February 10, 2026 |

**Defendants/Counter-Plaintiffs propose:**

| Deadline | Defendant's proposal |
|---|---|
| Deadline for Joint Report naming Mediator | November 18, 2024 |
| Deadline for Motions for Leave to Join Parties | December 4, 2024 |
| Deadline for Motions for Leave to Amend Pleadings | January 28, 2025 |
| Deadline for Completion of Mediation | February 28, 2025 |
| Opening Expert Designation & Report | March 28, 2025 |
| Rebuttal Expert Designation & Report | April 29, 2025 |
| Deadline for Completion of Discovery | June 13, 2025 |

| Deadline for Expert Objections | June 17, 2025 |
| --- | --- |
| Deadline for Dispositive Motions | June 27, 2025 |
| Deadline for Pretrial Disclosures and Objections | August 11, 2025 |
| Deadline for Pretrial Materials (pretrial order etc.) | September 8, 2025 |
| Settlement Conference | October 6, 2025 |
| Exchange of Exhibits | October 20, 2025 |
| Pretrial Conference | October 22, 2025 |
| Trial Date | October 27, 2025 |

**DATED**: September 18, 2024

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *Casey Griffith* | /s/ *Tyler L. Farmer* |

| | |
|---|---|
| Casey Griffith | Tyler L. Farmer (admitted *Pro Hac Vice*) |
| Texas Bar No. 24036687 | Washington Bar No. 39912 |
| Casey.Griffith@griffithbarbee.com | Tyler.farmer@bclplaw.com |
| | |
| Michael Barbee | Ariel A. Martinez (admitted *Pro Hac Vice*) |
| Texas Bar No. 24082656 | Washington Bar No. 54869 |
| Michael.Barbee@griffithbarbee.com | Ariel.martinez@bclplaw.com |
| | |
| Kirk Voss | Chelsey L. Mam (admitted *Pro Hac Vice*) |
| Texas Bar No. 24075229 | Washington Bar No. 44609 |
| Kirk.Voss@griffithbarbee.com | Chelsey.mam@bclplaw.com |
| | |
| Joshua Yun | BRYAN CAVE LEIGHTON PAISNER LLP |
| Texas Bar No. 24120335 | 999 3rd Ave., Suite 4400 |
| Joshua.Yun@griffithbarbee.com | Seattle, WA 98104 |
| | Tel: (206) 623-1700 |
| GRIFFITH BARBEE PLLC | Fax: (206) 623-8717 |
| One Arts Plaza | |
| 1722 Routh St., Ste. 910 | Justin D. Hanna |
| Dallas, Texas 75201 | Texas Bar No. 24095726 |
| Tel: (214) 446-6020 | Justin.Hanna@blcplaw.com |
| Fax: (214) 446-6021 | |
| | BRYAN CAVE LEIGHTON PAISNER LLP |
| COUNSEL FOR PLAINTIFFS | 2200 Ross Avenue, Suite 4200W |
| | Dallas, TX 75201-7965 |
| | Tel: (214) 721-8000 |
| | Fax: (214) 721-8100 |
| | |
| | COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

The undersigned certifies this document was filed electronically in compliance with Local Rule 5.1. As such, it was served on all counsel of record on September 18, 2024.

/s/ *Joshua Yun*