# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARTEN GROUP, INC. d/b/a SENERGY MEDICAL GROUP and SCOTT TENNANT,<br><br>　　Plaintiffs,<br><br>v.<br><br>JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC,<br>　　Defendants. | Case No. 3:24-cv-01852<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' EMERGENCY MOTION FOR LIMITED PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.

## I.     INTRODUCTION

On August 28, 2024, Dr. Tennant moved for a preliminary injunction to stop the ongoing misuse of his federally registered trademarks by Plaintiffs/Cross-Defendants Scott Tennant and Marten Medical Group, Inc. d/b/a Senergy Medical Group (collectively Senergy). On September 9, Senergy moved for a 30-day extension of the deadline for their response on the basis of counsel's personal schedules. The Court granted the extension, with the response due on October 18.

On September 17 and September 18 (when their opposition originally was due), Senergy served discovery requests and a deposition notice scheduling Dr. Jerald Tennant's deposition for 9 a.m. on October 9, 2024 in Dallas.

In an effort to avoid motion practice, Dr. Tennant proposed reasonable limitations to the deposition that would both accommodate Senergy's purported basis for the deposition—information relevant to the pending preliminary injunction motion—and reduce the burden on Dr. Tennant in light of the deposition occurring amidst the upheaval to his medical practice caused by Senergy's misconduct. Senergy rejected those limits. Dr. Tennant respectfully requests an emergency hearing and protective order imposing reasonable limits on this extraordinarily early deposition.

## II. BACKGROUND

### A. Senergy weaponizes the civil rules.

Senergy filed suit based, in part, on the demonstrably false allegation that it owns trademarks registered with the United States Patent and Trademark Office. Dkt. No. 1 ¶¶ 11 & 58.b. But the trademarks at issue are registered to Dr. Tennant's affiliate Defendant/Cross-Plaintiff Tennant Devices and Accessories, LLC. Dkt. No. 22, Ex. A. Senergy continued to use the trademarks without Dr. Tennant's permission and refused his June 21, 2024, demand that it cease and desist. Dkt. No. 1 ¶ 53; Dkt. No. 22, Counterclaims ¶¶ 53 & 57. As a result, on August 28, Dr. Tennant was forced to file a time-sensitive motion for preliminary injunction to prevent Senergy's infringement. Dkt. No. 24.

Not wanting to stop the infringing use of the trademarks, Senergy demanded extra time to respond to the motion and unnecessary discovery. Farmer Decl., Ex. A-1 at App. 2-3. During the September 3 meet and confer, Senergy represented that its basis for requesting an extension was the limited discovery, including a deposition of Dr. Tennant, it allegedly needed to respond to the facts in the preliminary injunction and an upcoming hearing in state court. Farmer Decl. ¶ 3 at App. 3. Dr. Tennant declined the extension and discovery because of the time-sensitive nature of the pending motion. Farmer Decl., Ex. A-1 at App. 6.

Senergy then filed its opposed motion for an extension on September 9, representing for the first time that medical and family issues prevented counsel from timely responding to the motion. Dkt. No. 26 at 3-4. The motion specifically stated that Senergy "intend[ed] to file a motion for *limited* expedited discovery in the next few days." *Id.* at 2 (emphasis added). The Court granted the motion, extending the response date to October 18. Dkt. No. 27. No motion for the "limited expedited discovery" was forthcoming. Instead, Senergy indicated a shift in its position stating in the joint status report that "[t]he parties agree phased discovery, or discovery limited or focused upon particular issues, is not necessary at this time." Dkt. No. 30 at 6. Indeed, it was not until September 17—apparently no longer unavailable due to medical issues—when Senergy's counsel stated he would be noting Dr. Tennant's deposition because the Court had granted the extension. Dkt. No. 30 at 1; *see also* Mam Decl. ¶ 2 at App. 13.

Senergy noted Dr. Tennant's deposition for October 9 at 9 am (CST) in Dallas. Mam Decl., Ex. B-1 at App. 17-19. Senergy once again represented that the purpose of this deposition was to address facts in response to the preliminary injunction motion. *Id.* ("we must conduct the deposition and receive the transcript back in time to prepare our response to Defendants' Motion for Preliminary Injunction"). Despite these representations, the deposition notice is unlimited in

both time and scope, demanding a full-day, in-person, deposition. *Id.*

### B. Dr. Tennant proposes reasonable limits to the deposition.

On September 20, Dr. Tennant sought reasonable limits to the deposition: (1) a three-hour limit consistent with the limited preliminary injunction scope; (2) beginning at 10:30 am (CT); and (3) occurring by Zoom. Farmer Decl., Ex. A-2 at App. 10-11. These reasonable limits would permit Senergy's purported reason for the deposition—to obtain testimony related to the preliminary injunction—while also reducing the costs and burden of the extraordinarily early deposition for Dr. Tennant. *Id.* This would save the significant cost of requiring lead counsel, who is located in Seattle, to fly to Dallas for the deposition. The proposal would also protect Dr. Tennant who is 84 years old and does not have the stamina for a full-day deposition, while also allowing him to plan around his ongoing clinical practice. *Id.*

When Senergy failed to respond to Dr. Tennant's proposed limits, counsel sought a meet and confer the next day. Mam Decl., Ex. B-2 at App. 22. The parties met on September 24, during which Senergy disregarded the multiple justified bases for the proposal and rejected the reasonable accommodations. Mam Decl. ¶ 4 at App. 14. Senergy suggested that its only accommodation would be to split the deposition into 2 days, for 3.5 hours each day, to begin at 10:30 am (CT). Mam

Decl. ¶ 5 at App. 14 & Ex. B-3 at App. 25.

## III.  ARGUMENT

### A. The Federal Rules of Civil Procedure and this Court's precedent demand protections against disproportionate and costly discovery tactics.

FRCP 26(b) requires parties to tailor discovery to the needs of the case: "Parties may obtain discovery . . . proportional to the needs of the case . . . ." Factors relevant to this analysis include consideration of the issues at stake, the parties' access to the relevant information, the relationship between the discovery and resolution of the issues, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1). Consistent with these considerations, the Court may fashion a protective order to prevent "oppression, or undue burden and expense" through discovery. FRCP 26(c)(1); FRCP 26(c)(1)(A)-(H) (court may impose protective order limiting discovery as to time, location, and allocation of expense).

This Court has provided clear instruction that counsel adopt practices that serve justice and do not persist in constant combat that simply drives up the costs and burden of litigation. *Dondi Prop. Corp. v. Commerc Savings & Loan Ass'n*, 121 F.R.D. 284, 288 (N.D. Tex. 1988). The Court requires that parties "not use any form of discovery, or the scheduling of discovery, as a means of harassing" the

opposing party. *Id.*; *see also* N.D. Tex., *Civil Justice Expense and Delay Reduction Plan*, (revised 2002).

### B. Dr. Tennant's proposed limits balance the needs of the parties.

Under FRCP 26(b)(1), Dr. Tennant reasonably proposed limits to both the time and place of his noted deposition.

Dr. Tennant's proposed three-hour time limit is consistent with Senergy's purported basis for the deposition—responding to the motion for preliminary injunction. Critically, the Court need not determine the merits of the case at the preliminary injunction stage, but instead only the likelihood of success. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985). Thus, Senergy does not need to conduct *any* discovery to respond. Nevertheless, three hours of questioning is more than sufficient time to test the facts asserted in Dr. Tennant's supporting declaration, virtually all of which is already known to Scott Tennant and Senergy. *E.g.*, Dkt. No. 25, Decl. of Jerald Tennant, M.D. (discussing the Royalty Agreements that Scott Tennant signed and agreed are applicable to Senergy and Senergy's royalty payments on that basis). In other words, the information necessary to respond to the motion is equally available to Senergy. And, Senergy will have an opportunity to take four additional hours of testimony

after the written and document discovery develops further. The preliminary injunction targets a single legal issue—preventing Senergy from continuing to infringe Dr. Tennant's registered trademark rights. The only possible basis for demanding this early deposition is to drive up the costs and burden and/or embarrass Dr. Tennant. *See* FRCP 26(b)(1), (c)(1).

Dr. Tennant also reasonably requested that the deposition be conducted by Zoom and start at a time that accommodates separate time zones. *Knuth v. Regional Transit Auth. of New Orleans*, No. 20-396, 2020 WL 6742800, at *4 (E.D. La. Nov. 17, 2020) (In assessing the propriety of a remote deposition, courts consider the hardship an individual deponent might experience, particularly his "(1) age, (2) physical condition, (3) finances, and (4) other factors that might result in extreme hardship."). These requests were specifically made to reduce the significant cost of requiring lead counsel in Seattle to fly over 3000 miles round-trip to Dallas and incur a multi-day hotel bill, for purposes of defending a single deposition. During the discovery conference, Senergy could not articulate a clear basis for demanding Dr. Tennant incur such burden. *Contra* J. Brown, Sample Joint Discovery/Case Mgmt Plan form at 2 (requiring parties to describe whether depositions "can be done by remote means, such as by zoom"). Instead, its sole basis was that Dr. Tennant is their perceived "most important" witness in the case.

This does not explain why Senergy cannot employ technology allowing remote depositions and reducing costs.

The Court should impose Dr. Tennant's proposed reasonable limitations, which reduce the burden and expense of this early deposition while also accommodating Senergy's purported need for discovery prior to opposing the preliminary injunction motion.

## IV.   CONCLUSION

For the foregoing reasons, Dr. Tennant respectfully requests the Court impose the requested protective order on an emergency basis.

Dated:  September 27, 2024            Respectfully submitted,

                                                   */s/Tyler L. Farmer*
Tyler L. Farmer
WSBA No. 39912
*Pro Hac Vice*
Tyler.farmer@bclplaw.com
Ariel A. Martinez
WSBA No. 54869
*Pro Hac Vice*
Ariel.martinez@bclplaw.com
Chelsey L. Mam
WSBA No. 44609
*Pro Hac Vice*
Chelsey.mam@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
999 3rd Ave., Suite 4400

Seattle, WA 98104
Tel: (206) 623-1700
Fax: (206) 623-8717


Justin D. Hanna
Texas Bar No. 24095726
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue, Suite 4200W
Dallas, TX  75201-7965
(214) 721 8052
E: Justin.Hanna@bclplaw.com

ATTORNEYS FOR DEFENDANTS
JERALD TENNANT, MD, JOHN
TENNANT, TERESA JESSEN TENNANT,
JARED TENNANT, TENNANT DEVICES
AND ACCESSORIES, LLC, and
CURADOR, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that the parties have complied with the meet and confer requirements of Local Rule CV-7(h) and that the foregoing motion and relief sought therein is opposed.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF WORD COUNT

Pursuant to Section II.A. of the Court's Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, the undersigned hereby certifies that, per the word-processor register, the foregoing Motion contains 1,609 words, excluding the case caption, signature block, and certificates.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF on September 27, 2024.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

**DEFENDANTS' EMERGENCY MOTION LIMITED PROTECTIVE ORDER**
**RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.**

**PAGE 10**