# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARTEN GROUP, INC. d/b/a SENERGY MEDICAL GROUP and SCOTT TENNANT,<br><br>    Plaintiffs,<br><br>v.<br><br>JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC,<br>    Defendants. | Case No. 3:24-cv-01852<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR LIMITED PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.

**DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION LIMITED PROTECTIVE ORDER RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.**

**PAGE i**

## I.     ARGUMENT

Judge Horan urged the parties to "work out their disputes on the logistics of [Dr. Tennant's] deposition" before the October 7 hearing. Dkt. No. 37. In doing so, the Court previewed two issues: that two depositions of a key witness is "not uncommon" where each deposition is less than the 7-hour limit and that it is common to "conduct[] a deposition over Zoom." *Id.* The obvious import of the Court's docket entry is that Dr. Tennant should agree to permit two shorter depositions and plaintiffs should agree to take the noticed deposition by Zoom. Taking these admonitions to heart, Dr. Tennant agreed to the former; but plaintiffs refused to accommodate the latter.

During a meet and confer the following day, Dr. Tennant offered that Sengery could take his deposition over two days for five-hours of on-record time per day, with one day to occur later in the case schedule. Farmer Decl. ¶ 2 at App. 1-2; *id.*, Ex. A-1 at App 5. This clearly satisfies the Court's observation that two depositions are not uncommon and exceeds the 7-hour limit of deposition time imposed by the federal rules. Dr. Tennant met his end of the Court's request.

Senergy did not. For its part, Senergy continues to waste the parties' and Court's time with its refusal to recognize that Zoom depositions are commonplace and presumptively valid. *See* Fed. R. Civ. Proc. 30(b)(4). Senergy's argument fails

**DEFENDANTS' EMERGENCY MOTION LIMITED PROTECTIVE ORDER**
**RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.**
                                                                                                                **PAGE 1**

for two reasons.[1]

First, it misstates the law that "extreme hardship" is required for a remote deposition to occur. Patently, this would turn the plain language of Federal Rule of Civil Procedure 30—the basis of plaintiffs' deposition notice—on its head. *See* Fed. R. Civ. Pro. 30(b)(4) (permitting remote depositions). "While Rule 30 'does not specify the showing that a party must make to support a motion for a remote deposition[,] ... courts generally have held that the moving party must put forward a legitimate reason' to conduct the deposition remotely." *United States ex rel. Adams v. Remain at Home Senior Care*, LLC, No. 1:17-CV-01493-JMC, 2021 WL 12172600, at *1 (D.S.C. Feb. 24, 2021); *Edwards v. Wyatt*, No. A-07-CA-1008 LY, 2008 WL 11334090, at *1 (W.D. Tex. Sept. 29, 2008) (leave to take telephonic deposition "should be liberally granted" and request for remote deposition is "presumptively valid"). Dr. Tennant has made this legitimate showing. He is 84 years old, has difficulty with his eyesight such that viewing enlarged electronic documents is preferrable, has a medical practice to attend to with patients that suffer from serious medical conditions and who would have difficulty rescheduling their clinical visits should Dr. Tennant contract COVID,

---

[1] In making their arguments, plaintiffs continue to assert the demonstrably incorrect position that Senergy has an interest in the trademarks. Dkt. No. 38 at 1 *but see* Dkt. No. 22, Ex. A & Dkt. 25 at App. 003 ¶ 4 (demonstrating that the trademarks are registered to Counter-Plaintiffs).

**DEFENDANTS' EMERGENCY MOTION LIMITED PROTECTIVE ORDER
RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.**
                                                                                              **PAGE 2**

and his lead counsel is located in Seattle—all of which was communicated to plaintiffs' counsel in the initial request, follow-up conferral, and subsequent e-mail exchange. Farmer Decl. ¶¶ 2-3 at App 1-2. These facts fully support requiring a Zoom deposition.

Second, once a legitimate showing has been made, the opposing party must demonstrate particularized prejudice. *E.g., Rivera v. Parker*, No. 1:20-CV-3210-SCJ, 2021 WL 3076412, at *3 (N.D. Ga. May 18, 2021). Senergy cites pre-pandemic case law for the proposition that video and telephone testimony is inferior to in-person testimony, asserting this is a sufficient basis to demand an in-person deposition. Dkt. No. 38 at 9. There is ample authority to the contrary even pre-pandemic. *See e.g., Abad v. Maxum Petroleum Operating Co.*, No. O16CV00001, 2016 WL 11261306, at *5 (W.D. Tex. Sept. 26, 2016) (ordering remote deposition over objection that deposing attorney preferred to evaluate the deponent in-person where counsel was located more than 300 miles from deposition location); *Enguita v. Neoplan USA Corp.*, No. 04-121, 2005 WL 8164880, at *2 (S.D. Tex. May 25, 2005) (rejecting argument that video conference depositions do not allow for counsel to evaluate the deponent and noting that accepting that argument would effectively repeal the civil rule permitting remote depositions). Pandemic-era and post-pandemic era cases support

the same. *Mendoza v. Fly & Form Structures, Inc.*, No. 1:22-CV-03212-SCJ-JEM, 2024 WL 2924970, at *3–4 (N.D. Ga. Apr. 29, 2024) (videoconferencing is advanced and permits successful remote depositions even in document intensive matters); *Kirlkand v. City of Maryville*, No. 3:19-CV-312, 2020 WL 12863656, at *3 (E.D. Tenn. Aug. 17, 2020) (noting that videoconference does not present an impediment to assessing witness credibility and collecting cases for same). And perhaps most tellingly, Judge Brown's case management plan expressly contemplates remote depositions as the default. *See* J. Brown, Sample Joint Discovery/Case Mgmt. Plan form at 2.

Dr. Tennant has upheld his end of the Court's request for the parties to compromise. Senergy and Scott Tennant should now be required to do the same. A remote deposition will have no impact on plaintiffs' ability to take testimony from Dr. Tennant and will reduce the burden and expense on Dr. Tennant. *See* Farmer Decl. ¶¶ 2-3 at App. 1-2 & Ex. A-2 at App 11-14 (detailing burden issues and time and expense of travel).

## II. CONCLUSION

For the foregoing reasons, Dr. Tennant respectfully requests the Court impose the requested limited, protective order on an emergency basis.

Dated:  October 4, 2024              Respectfully submitted,

        */s/Tyler L. Farmer*
        Tyler L. Farmer
        WSBA No. 39912
        *Pro Hac Vice*
        Tyler.farmer@bclplaw.com

        Ariel A. Martinez
        WSBA No. 54869
        *Pro Hac Vice*
        Ariel.martinez@bclplaw.com

        Chelsey L. Mam
        WSBA No. 44609
        *Pro Hac Vice*
        Chelsey.mam@bclplaw.com
        BRYAN CAVE LEIGHTON PAISNER LLP
        999 3rd Ave., Suite 4400
        Seattle, WA 98104
        Tel: (206) 623-1700
        Fax: (206) 623-8717

        Justin D. Hanna
        Texas Bar No. 24095726
        Bryan Cave Leighton Paisner LLP
        2200 Ross Avenue, Suite 4200W
        Dallas, TX  75201-7965
        (214) 721 8052
        E: Justin.Hanna@bclplaw.com

        ***ATTORNEYS FOR DEFENDANTS***

**DEFENDANTS' EMERGENCY MOTION LIMITED PROTECTIVE ORDER**
**RE: PLAINTIFFS' NOTICE OF DEPOSITION OF JERALD TENNANT, M.D.**

**PAGE** 5

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that the parties have complied with the meet and confer requirements of Local Rule CV-7(h) and that the foregoing motion and relief sought therein is opposed.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF WORD COUNT

Pursuant to Section II.A. of the Court's Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, the undersigned hereby certifies that, per the word-processor register, the foregoing Reply contains 884 words, excluding the case caption, signature block, and certificates.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF on October 4, 2024.

By: */s/Tyler L. Farmer*
Tyler L. Farmer