IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTEN GROUP, INC. d/b/a SENERGY MEDICAL GROUP and SCOTT TENNANT,<br><br>Plaintiffs,<br><br>v.<br><br>JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC,<br><br>Defendants. | Case No. 3:24-cv-01852<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION AND REPLY BRIEF

Defendants Jerald Tennant, MD and Tennant Devices and Accessories, LLC (collectively, "Dr. Tennant") respectfully move for leave to file a supplemental appendix in support of their Motion for Preliminary Injunction and Reply Brief.

## BACKGROUND

On August 28, 2024, Dr. Tennant filed a Motion for Preliminary Injunction (the Motion) (Dkt. 24) and Appendix (Dkt. 25) against Plaintiffs Marten Group, Inc. d/b/a Senergy Medical Group and Scott Tennant (collectively "Senergy"). Senergy sought and was granted two extensions of its deadline to file a response. *See* Dkts. 27, 47. On October 11, 2024, Dr. Tennant filed an Amended Motion for Preliminary

Injunction with supplemental declaration in support. Dkts. 46, 48. The amendment and supplemental declaration were limited to correcting two statements about the Royalty Agreements between Dr. Tennant and Scott Tennant and an April 22, 2016 addendum thereto. *See* Dkt. No. 45, pp. 2-3.

In the interim, on September 17, 2024, the parties held their joint conference pursuant to Rule 26(f). Senergy immediately requested to take Dr. Tennant's deposition, on the basis that it was necessary for their response to the Motion. Senergy took Dr. Tennant's deposition on October 16 and 17, 2024.

On November 1, 2024, Senergy filed Plaintiffs' Response to Defendants' Amended Motion for Preliminary Injunction (Dkt. 52) and Appendix in Support of the Response (Dkt. 52-1), arguing:

- Senergy, or the manufacturer Avazzia, are the senior users of the Tennant BioModulator® and Tennant BioTransducer® trademarks because of their introduction of the marked devices into commerce. *See* Response at 12.

- Senergy alleges that it established the relationship with Avazzia and negotiated the corresponding agreement. *See id.* at 2.

- Senergy's investment in the development of the marks demonstrates their senior use of the marks. *Id.* at 12 & 22.

- Dr. Tennant's trademark registrations—and assignments to TDA—are

- irrelevant to whether TDA owns the marks. *Id.* at 9.

- The Royalty Agreements did not convey a license to Senergy to use the marks. *Id.* at 12-15.

- Dr. Tennant's lack of access to the supply of the marked devices is "self-imposed." *Id.* at 21-22.

In support of these new arguments, Senergy heavily relies upon excerpts from Dr. Tennant's deposition, which they submit as Exhibits 2-D and 2-F to Senergy's Appendix. *See* Dkt. 52-1, at Exs. 2-D (SA 244-305), 2-F (SA 321-23).

In conjunction with the reply in support of the Motion, Dr. Tennant seeks leave to submit a Supplemental Appendix that includes excerpts of Dr. Tennant's deposition testimony, which were not cited in the Response and are used to rebut Senergy's arguments.

## ARGUMENTS AND AUTHORITIES

"A reply brief is generally limited to addressing matters presented in a motion and response." *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015). The Court may, however, consider evidence submitted with a reply where it is "responsive to arguments raised and evidence relied upon" by the non-movant in a response. *Id.* FRE 106 bolsters this rule, expressly recognizing that where a party introduces "part of a statement, an adverse party may require the introduction at that time, of any other part—or any

other statement—that in fairness ought to be considered at the same time."

Dr. Tennant's request for leave to file a Supplemental Appendix is limited to deposition excerpts necessary to clarify the record and respond to Senergy's arguments in Response. The Supplemental Appendix does not contain new evidence nor does it raise new arguments. Senergy only submitted hand-picked excerpts it contends support the Response, omitting other relevant testimony. Based on the "rule of completeness" set forth in FRE 106, Dr. Tennant should not be denied the opportunity to include the portions of Dr. Tennant's testimony that refute Senergy's arguments and incomplete testimony it filed in support of those arguments. No injustice can result by supplementing the record with these additional deposition excerpts.

*Lynch* is instructive. There, the court denied a motion to strike a supplemental appendix with deposition testimony "specifically directed at and responsive to arguments and evidence in Plaintiff's response to Defendant's summary judgment motion." *Lynch*, 2015 WL 6807716, at *1. As the court indicated, where the nonmovant "requested to delay briefing . . . to conduct discovery that he now relies on in his . . . response," the court's consideration of an appendix in support of a movant's reply is justified. *Id.* "To conclude otherwise would allow Plaintiff an unfair advantage in using a 'gotcha' procedural approach." *Id.*; *see also Jackson v. Triumph Aerostructures, LLC*, No. 3:15-CV-

00535-B, 2016 WL 4800358, *2 (granting movant leave to file excerpts from deposition transcript in support of reply to "submit the full context" of the testimony and declining movant's request to file sur-reply); *Woods v. Peters*, No. 4:05-CV-724-Y, 2007 WL 2729905, *15 n.4 (N.D. Tex. Sept. 19, 2007) (permitting supplemental appendix filed with reply brief).

Here, Dr. Tennant filed the preliminary injunction motion on August 28, 2024. *See* Dkt. 24. Senergy then requested an extension of the deadline to respond so that it could seek discovery—*i.e.* Dr. Tennant's deposition. *See* Dkt. 26 at 2; Dkt. 34 at App. 6-7, 17-19, 21-23. The Court granted that extension (Dkt. 27) and Senergy took the deposition. Senergy now uses excerpts from Dr. Tennant's deposition to oppose the Motion. *See* Dkt. *See* Dkt. 52-1, at Exs. 2-D (SA 244-305), 2-F (SA 321-23). Dr. Tennant's Supplemental Appendix with deposition excerpts will clarify the record and respond to the evidence and arguments Senergy made in its Response. Accordingly, Dr. Tennant should be granted leave to submit the deposition excerpts with his Reply.

## **CONCLUSION**

For the foregoing reasons, Dr. Tennant respectfully requests the Court grant leave to file Defendants' Supplemental Appendix in Support of their Motion for Preliminary Injunction and Reply Brief, a copy of which is filed hereto as Exhibit A.

Dated: November 12, 2024  Respectfully submitted,

/s/Tyler L. Farmer
Tyler L. Farmer
WSBA No. 39912
*Pro Hac Vice*
Tyler.farmer@bclplaw.com
Ariel A. Martinez
WSBA No. 54869
*Pro Hac Vice*
Ariel.martinez@bclplaw.com
Chelsey L. Mam
WSBA No. 44609
*Pro Hac Vice*
Chelsey.mam@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
999 3rd Ave., Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Fax: (206) 623-8717

Justin D. Hanna
Texas Bar No. 24095726
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue, Suite 4200W
Dallas, TX 75201-7965
(214) 721 8052
E: Justin.Hanna@bclplaw.com

ATTORNEYS FOR DEFENDANTS JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that the parties have complied with the meet and confer requirements of Local Rule CV-7(h). Chelsey Mam and Casey Griffith suggested differing options to resolve the dispute on November 11-12, 2024. The foregoing motion and relief sought therein is opposed because Plaintiffs' counsel neither confirmed nor denied Defendants' last proposal.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF WORD COUNT

Pursuant to Section II.A. of the Court's Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, the undersigned hereby certifies that, per the word-processor register, the foregoing Motion contains 958 words, excluding the case caption, signature block, and certificates.

By: */s/Tyler L. Farmer*
Tyler L. Farmer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF on November 12, 2024.

By: */s/Tyler L. Farmer*
Tyler L. Farmer