## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARTEN GROUP, INC. d/b/a SENERGY MEDICAL GROUP and SCOTT TENNANT, | § § § | |
| Plaintiffs, | § § | Case No. 3:24-cv-01852 |
| v. | § § § | **JURY TRIAL DEMANDED** |
| JERALD TENNANT, MD, JOHN TENNANT, TERESA JESSEN TENNANT, JARED TENNANT, TENNANT DEVICES AND ACCESSORIES, LLC, and CURADOR, LLC, | § § § § § § § | |
| Defendants. | § § | |

## <u>APPENDIX TO DEFENDANTS' EMERGENCY MOTION FOR TRIAL CONTINUANCE</u>

Pursuant to Local Rule 7.1, Defendants submit the attached evidence referenced in its Emergency Motion for Trial Continuance.

### INDEX

| EXHIBIT NO. | DESCRIPTION | APP. PAGE NOS. |
|---|---|---|
| A | Declaration of Jerald Tennant in Support of Defendants' Emergency Motion for Continuance **(FILED UNDER SEAL)** | APP 001 - 005 |
| A-1 | Letter dated June 22, 2025, from Charles Shidlofsky, O.D., Neuro-Developmental Optometry, Neuro-Vision Associates of North Texas **(FILED UNDER SEAL)** | APP 006 |

---

| A-2 | Letter dated June 23, 2025, from Marshall Olson, DDS, Eco Dental & Wellness **(FILED UNDER SEAL)** | APP 007 |
| --- | --- | --- |
| A-3 | Letter dated June 20, 2025, from Keith Schorn, M.D., Baylor Scott & White Southlake Family Medicine **(FILED UNDER SEAL)** | APP 008 |
| B | Declaration of Tyler L. Farmer in Support of Defendants' Emergency Motion for Continuance | APP 009 - 017 |

Dated:  July 7, 2025                    Respectfully submitted,

**MARTINEZ & FARMER LLP**

*/s/Tyler L. Farmer*
*/s/Ariel A. Martinez*
Tyler L. Farmer, WSBA No. 39912
*Pro Hac Vice*
Ariel A. Martinez, WSBA No. 54869
*Pro Hac Vice*
4020 East Madison St., Suite 300
Seattle, WA 98112
Tel: (206) 208-2270
E: tyler@mfseattle.com
E: ariel@mfseattle.com

**BATTISTE CLEMENT PLLC**

Alison Battiste Clement
Texas Bar No. 24062603
Gabriela Isuani Monahan
Illinois Bar No. 6212056
2626 Cole Avenue, Suite 300
Dallas, TX 75204
Tel: (214) 540-7206
Fax: (972) 629-9818

E: alison@battisteclement.com
E: gabriela@battisteclement.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that this document is being served via ECF on counsel of record.

*/s/Tyler L. Farmer*
Tyler L. Farmer

# DECLARATION OF JERALD TENNANT AND EXHIBITS A1 - A3 FILED UNDER SEAL

# APP 001 - 008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

MARTEN GROUP, INC. d/b/a
SENERGY MEDICAL GROUP and
SCOTT TENNANT,

     Plaintiffs,

v.

JERALD TENNANT, MD, JOHN
TENNANT, TERESA JESSEN
TENNANT, JARED TENNANT,
TENNANT DEVICES AND
ACCESSORIES, LLC, and
CURADOR, LLC,

     Defendants.

Case No. 3:24-cv-01852

**JURY TRIAL DEMANDED**

## DECLARATION OF TYLER L. FARMER IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE

I, Tyler L. Farmer, hereby declare as follows:

1.    I am one of the attorneys for Defendants in this matter.  I am over age 18 and am competent to be a witness.  I am making this declaration based on facts within my own personal knowledge.

2.    Defendants have adhered to all deadlines set forth in the Scheduling Order to date.

**A.    Defendants' Diligence in Responding to Plaintiffs' Discovery.**

3.    Plaintiffs have propounded **209** separate requests for production to Defendants, including **80** requests for production to Dr. Tennant alone.

4.      Plaintiffs did not propound the vast majority of these requests (all but 8) until April 4, 2025, over six months into the discovery period.

5.      Plaintiffs' First Requests for Production, dated September 18, 2024, included  5 requests to Dr. Tennant, 1 request to Jared Tennant, 1 request to John Tennant , and 1 request to Teresa Jessen Tennant (collectively, the "Plaintiffs' First Set of Requests for Production").

6.      Plaintiffs' Second Requests for Production, dated April 4, 2025, included 75 requests to Dr. Tennant, 40 requests to Jared Tennant, 22 requests to John Tennant, 22 requests to Teresa Jessen Tennant 21 requests to Tennant Devices and Accessories, LLC ("TDA"), and 21 requests to Curador, LLC ("Curador") (collectively, the "Plaintiffs' Second Set of Requests for Production").

7.      Defendants have timely provided responses and objections to each of these requests and produced over 1,500 documents in response.

8.      Defendants Dr. Tennant, Jared Tennant, John Tennant, and Teresa Jessen Tennant provided objections and responses to Plaintiffs' First Set of Requests for Production on October 18, 2024.

9.      Defendants provided objections and responses to Plaintiffs' Second Set of Requests for Production on May 19, 2025.

10.     Defendants have produced approximately 1,660 documents to date, including as follows: 4 documents on October 7, 2024; 34 documents on October 18,

2024; 388 documents on June 2, 2025; and 1,235 documents on June 4, 2025.

**B.    Defendants' Diligence in Pursuing Discovery.**

11.    On October 1, 2024, Defendants served their first and primary set of requests for production on Plaintiffs, with 25 requests to Scott Tennant and 26 requests to Senergy ("Defendants' First Set of Requests for Production").

12.    Plaintiffs Scott Tennant and Senergy provided objections and responses to Defendants' First Set of Requests for Production on October 31, 2024, and amended objections and responses on January 13, 2025.

13.    On January 24, 2025, Defendants served a limited first set of interrogatories on Scott and Senergy, with 5 to Scott and 5 to Senergy ("Defendants' First Set of Interrogatories").

14.    The Plaintiffs provided their objections and responses to Defendants' First Set of Interrogatories on February 24, 2025.

15.    On March 3, 2025, Defendants served a limited additional set of discovery requests on Senergy, Defendants' last discovery requests to date, which included 5 additional requests for production and 5 additional interrogatories to Senergy only ("Defendants' Second Set of Discovery Requests").

16.    Plaintiff Senergy submitted its objections and responses to Defendants' Second Set of Discovery Requests on April 2, 2025.

17.    Plaintiffs have produced approximately 455 documents to date, the

majority of which they did not produce until January 29, 2025, nearly four months

after the Defendants served their first set of of requests for production.  Specifically,

Plaintiffs have produced documents as follows: 127 documents on December 6,

2024; 263 documents on January 29, 2025; 6 documents on February 19, 2025; 25

documents on April 14, 2025; 5 documents on April 29, 2025; and 29 documents on

May 21, 2025.

18.    Defendants provided their expert disclosure to Plaintiffs on June 2, 2025.

**C.    Remaining Discovery and Pre-Trial Work.**

19.    Notwithstanding Defendants' diligence, there is outstanding discovery to

complete, in particular taking the depositions of Plaintiffs, which Defendants

reserved for after they received documents from Plaintiffs in response to their

requests for production, as is standard practice to avoid a second deposition over later

produced documents.

20.    The Plaintiffs have not yet responded to the Defendants' objections to

the Plaintiffs' requests for production propounded to Dr. Tennant; thus, any conferral

on the Defendants' objections remains outstanding.

21.    The Defendants' search for any additional responsive documents is

ongoing; however, because the subjects of the Plaintiffs' requests for production span

over multiple decades and responsive documents may be located in Dr. Tennant's

hard copy files, the Defendants will require significant assistance from Dr. Tennant to

identify, locate, and review any additional documents.

22.    Defendants must then consider and prepare any discovery and/or dispositive motions and complete substantial pre-trial work.

23.    Given Dr. Tennant's critical role in the claims and defenses in this case, completing the outstanding discovery and pre-trial work in this case will require significant participation from Dr. Tennant, including but not limited to identifying and collecting responsive materials, reviewing produced materials to prepare for depositions, assisting with and reviewing dispositive motions, and contributing to the pretrial preparation and related decision processes.

**D.    Dr. Tennant's Central Role in the Claims and Defenses in This Case.**

24.    Dr. Tennant possesses unique knowledge critical to the resolution of key issues in dispute in this case.  For example, Dr. Tennant, as the developer of the Tennant devices, the developer and owner of the related Marks, and a signatory to the related licensing agreements, is the most reliable, or in some cases *only*, source of knowledge regarding the conception, design, development, and use of the Tennant devices, his ownership and use of the Tennant Marks, and the context, meaning, and Scott's material breaches of the licensing agreements.

25.    Although other Defendants have knowledge of certain aspects of these issues in more recent years, Dr. Tennant is the only Defendant with comprehensive knowledge and understanding of these issues dating back to the devices' conception

and the beginning of Dr. Tennant's licensing relationship with Scott Tennant.

26.    The Plaintiffs' Initial Disclosures identify an extensive list of key topics upon which Dr. Tennant has knowledge, including:

> (1) the contractual, business, and other relationships between and among the parties; (2) registration, ownership, and use of TENNANT-related marks and Dr. Tennant's name and/or likeness; (3) agreements between and/or among the parties purporting to grant Dr. Tennant royalties from Senergy's sale of certain medical devices, and the accounting of royalties paid to Dr. Tennant; (4) the inception, development, manufacturing, marketing, service, and quality control of the medical devices; (5) contractual agreements and communications with third parties concerning the sale, manufacturing, and service of the medical devices; (6) financial information concerning Senergy's costs and expenditures accrued by Dr. Tennant; (7) the June 21, 2024 "Termination of Royalty Agreement and all Amendments" letter sent by Dr. Tennant to Scott and Senergy; (8) the June 21, 2024 "Confidentiality, Unauthorized Disclosure, and Non-Disparagement Agreement" letter sent by Defendants to Scott and Senergy; (9) the June 24, 2024 "Cease and Desist" letter sent by Dr. Tennant to Avazzia; and (10) other information relevant to the claims and defenses asserted in the action.

**E.    Dr. Tennant's Severe Health Issues and the Parties' Conferral Regarding the Defendants' Emergency Motion for Continuance.**

27.    Earlier this month, I was made aware that Dr. Tennant is experiencing medical conditions that have severely impacted his ability to continue participating in this litigation.  The full extent of his medical condition and expected course of treatments were not known until June 13, 2025.

28.    On June 13, 2025, I contacted Plaintiffs' counsel by phone to discuss this issue.  I explained that due to his medical conditions, Dr. Tennant could not read

documents and was otherwise experiencing significant difficulty completing tasks critical to this litigation.  I offered to provide letters from Dr. Tennant's medical providers to Plaintiffs' counsel and requested that Plaintiffs' counsel seek his clients' agreement to a six-month continuance or stay in light of Dr. Tennant's health.

29.    On June 23, 2025, I provided to Plaintiffs' counsel copies of three letters from Dr. Tennant's medical providers.  Exhibits A-1 - A-3 to Dr. Tennant's Declaration in Support of the Defendants' Emergency Motion for Continuance are true and correct copies of the letters I provided to Plaintiffs' counsel.

30.    On June 27, 2025, in response to Plaintiffs' counsel's request to share information with his clients and for authority supporting our request for a continuance or stay, I informed Plaintiffs' counsel that he could provide Plaintiffs with a general summary of Dr. Tennant's medical conditions and the impacts on his ability to participate in this litigation and citations to relevant legal authorities.

31.    On July 1, 2025, I again spoke with Plaintiffs' counsel, who indicated he would discuss the request with Plaintiffs and provide their response the following day.  I informed Plaintiffs' counsel that we had prepared a motion to seek the necessary relief and that we were ready to file it but would delay doing so in order to receive their response to our request.

32.    To date, Plaintiffs' counsel has not responded.  Therefore, on July 3, 2024, prior to filing the motion, I e-mailed Plaintiffs' counsel to indicate that we

would proceed with the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Seattle, Washington on this 7th day of July, 2025.

*s/Tyler L. Farmer*
Tyler L. Farmer, WSBA #39912

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being served via ECF on all counsel of record.

/s/Tyler L. Farmer
Tyler L. Farmer